# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL CHERRY, Derivatively on Behalf of Nominal Defendant DESKTOP METAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RIC FULOP, JAMES HALEY, ALI EL-SIBLANI, BILAL ZUBERI, DAYNA GRAYSON, JAMES EISENSTEIN, JEFF IMMELT, LEO HINDERY, JR., SCOTT DUSSAULT, STEPHEN NIGRO, STEVE PAPA, and WEN HSIEH,<br><br>Defendants,<br><br>and<br><br>DESKTOP METAL, INC.,<br><br>Nominal Defendant. | Case No. 22-cv-962-GBW |

## STIPULATION AND [PROPOSED] ORDER STAYING ACTION

WHEREAS, On July 12, 2022, Plaintiffs Wilfred Keyser and Reid Klootwyk (the "Keyser Plaintiffs") filed a shareholder derivative action on behalf of Nominal Defendant Desktop Metal, Inc. ("Desktop Metal" or the "Company") in the United States District Court for the District of Massachusetts for alleged breaches of fiduciary duty and violations of Section 14(A) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 14a-9 against defendants Ric Fulop, James Haley, Ali El-Siblani, Bilal Zuberi, Dayna Grayson, Jeff Immelt, Leo Hindery, Jr., Scott Dussault, Stephen Nigro, Steve Papa, Wen Hsieh, James Eisenstein, Byron Knight, and Andy Wheeler (the "Keyser Individual Defendants" and together with Desktop Metal, "Keyser Defendants") captioned *Keyser v. Fulop, et al.*, Case No. 1:22-cv-11117-IT (the "Keyser Litigation");

WHEREAS, Desktop Metal was served with the Keyser Complaint on September 27, 2022, (D.I. 4), and counsel accepted service on behalf of the Keyser Individual Defendants on October 18, 2022 (D.I. 6);

WHEREAS, the same day, Plaintiff Betty Qi ("Plaintiff Qi") also filed a shareholder derivative action on behalf of Desktop Metal in the District of Massachusetts for alleged breaches of fiduciary duty and violations of Section 14(A) of the Exchange Act and SEC Rule 14a-9 against the Keyser Individual Defendants captioned *Qi v. Fulop, et al.*, Case No. 22-cv-11118 (the "Qi Litigation" and together with the Keyser Litigation, the "Massachusetts Derivative Litigation").

WHEREAS, Defendants have not been served with the Qi Complaint;

WHEREAS, on July 22, 2022, Plaintiff Michael Cherry ("Plaintiff") filed a shareholder derivative action on behalf of Desktop Metal in this Court for alleged breaches of fiduciary duty and violations of Section 14(A) of the Exchange Act and SEC Rule 14a-9 against Ric Fulop, James Haley, Ali El-Siblani, Bilal Zuberi, Dayna Grayson, James Eisenstein, Jeff Immelt, Leo Hindery, Jr., Scott Dussault, Stephen Nigro, Steve Papa, and Wen Hsieh (the "Individual Defendants" and together with Desktop Metal, "Defendants") captioned *Cherry v. Fulop, et al.*, C.A. No. 22-962-GBW (the "Cherry Litigation");

WHEREAS, Desktop Metal was served with the Cherry Complaint on July 27, 2022 (D.I. 6), and counsel accepted service on behalf of the Individual Defendants on August 12, 2022 (D.I. 7);

WHEREAS, on September 29, 2022, in the related securities litigation matter captioned *Luongo v. Desktop Metal, et al.*, Case No. 1:21-cv-12099-IT, pending in the District of

Massachusetts, the court re-consolidated the four securities class actions (the "Securities Litigation")[1] after appointing lead plaintiffs.

WHEREAS, the *Luongo* Complaint alleges that Defendant Desktop Metal and certain Individual Defendants (the "Securities Litigation Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (D.I. 1);

WHEREAS, on November 7, 2022, the District of Massachusetts court ordered the *Luongo* lead plaintiffs to file a consolidated amended complaint on or before December 19, 2022 (D.I. 105);

WHEREAS, the Securities Litigation Defendants' motion to dismiss is due on or before February 28, 2023 (D.I. 105);

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, until the anticipated motion to dismiss in the Securities Litigation is decided, discovery in the Securities Litigation will be stayed; and

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the overlap between this Action and the Securities Litigation, and in light of the automatic stay of discovery under the PSLRA, that this Action should be voluntarily stayed on the terms set forth below unless and until: (i) entry of an order finally resolving the motion to dismiss in the Securities Litigation and

---

[1] The four cases that were re-consolidated in the District of Massachusetts are *Luongo*, *Hathaway v. Desktop Metal, et al.*, Case No. 1:22-cv-10059-IT, *Guzman-Martinez v. Desktop Metal, et al.*, Case No. 1:22-cv-10173-IT, and *Xie v. Desktop Metal, et al.*, Case No. 1:22-cv-10297-IT.

the exhaustion of all related appeals related; or (ii) any of the Parties to this Stipulation gives a twenty-one (21) day notice that they no longer consent to the voluntary stay of the Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff and Defendants, through their undersigned counsel, and subject to the approval of the Court, that:

(i) This Action shall be stayed until: (i) ten (10) business days following the entry of an order finally resolving the motion to dismiss the amended complaint in the Securities Litigation and the exhaustion of all appeals; or (ii) any of the Parties to this joint motion gives a twenty-one (21) day notice that they no longer consent to the voluntary stay of the Action. Such a stay will promote the efficient and orderly administration of justice by coordinating the prosecution of the Massachusetts Derivative Litigation, this Action, and the Securities Litigation.

(ii) Notwithstanding this voluntary stay, Plaintiff may file an amended complaint. Defendants shall not be required to move, answer, plead, or otherwise respond to the Complaint (or any amended complaint) during the pendency of the stay of proceedings.

(iii) During the pendency of this stay, Defendants expressly reserve all rights, defenses, or other objections other than insufficient process or insufficient service of process.

(iv) If during the pendency of the stay of this Action Defendants provide documents to: (i) plaintiffs in the Securities Litigation for any purpose (either litigation, mediation or settlement discussions); (ii) any plaintiff in any derivative action (either litigation, mediation or settlement discussions); or (iii) any shareholder

|      | |
|---|---|
|      | pursuant to any inspection demand pursuant to a Delaware Section 220 demand, Defendants agree to provide the same documents to Plaintiff in this Action on the same terms they are provided to the respective plaintiff and/or shareholder referenced above in this paragraph, subject to the terms and conditions of an appropriate protective order to be negotiated for this Action. |
| (v)  | Within twenty-one (21) days following the lifting of the stay in accordance with the provisions of this stipulation, the Parties will submit a proposed schedule to the Court regarding any amended complaint filing by Plaintiff and Defendants' response to the operative complaint. |
| (vi) | All deadlines, hearings, or conferences currently scheduled shall be postponed until the date and time that will be specified in the proposed scheduling order to be submitted by the Parties, or as otherwise set by the Court. |
| (vii)| This stipulation is made in full reservation of and without waiver or prejudice of any rights, claims, objections, defenses, arguments, and motions in relation to the complaint filed in this Action, whether jurisdictional, procedural, substantive, or otherwise, that any party may have, including but not limited to the right to challenge the District of Delaware as the proper venue or forum for this Action. |

| | |
|---|---|
| Dated: December 1, 2022 | Respectfully submitted, |
| | |
| OF COUNSEL: | /s/ *Brian E. Farnan* |
| | Brian E. Farnan (#4089) |
| Benjamin I. Sachs-Michaels | Michael J. Farnan (#5165) |
| **GLANCY PRONGAY & MURRAY LLP** | **FARNAN LLP** |
| 745 Fifth Avenue | 919 North Market Street, 12th Floor |
| New York, NY 10151 | Wilmington, DE 19801 |
| (212) 935-7400 | (302) 777-0300 |
| bsachsmichaels@glancylaw.com | bfarnan@farnanlaw.com |
| | mfarnan@farnanlaw.com |
| Robert V. Prongay | |
| Pavithra Rajesh | |
| **GLANCY PRONGAY & MURRAY LLP** | |
| 1925 Century Park East, Suite 2100 | |
| Los Angeles, CA 90067 | |
| (310) 201-9150 | |
| rprongay@glancylaw.com | *Attorneys for Michael Cherry* |
| | |
| | |
| OF COUNSEL: | /s/ *Raymond J. Dicamillo* |
| | Raymond J. DiCamillo (#3188) |
| Kristin N. Murphy | Brock E. Czeschin (#3938) |
| LATHAM & WATKINS LLP | Alexander M. Krischik (#6233) |
| 650 Town Center Drive, 20th Floor | Tyler E. Cragg (#6398) |
| Costa Mesa, CA 92626 | RICHARDS, LAYTON & FINGER, P.A. |
| (714) 540-1235 | One Rodney Square |
| kristin.murphy@lw.com | 920 North King Street |
| | Wilmington, DE 19801 |
| | (302) 651-7700 |
| | dicamillo@rlf.com |
| | czeschin@rlf.com |
| | krischik@rlf.com |
| | cragg@rlf.com |

*Attorneys for Defendants Ric Fulop, James Haley, Ali El-Siblani, Bilal Zuberi, Dayna Grayson, James Eisenstein, Jeff Immelt, Leo Hindery, Jr., Scott Dussault, Stephen Nigro, Steve Papa, and Wen Hsiesh and Nominal Defendant Desktop Metal Inc.*

IT IS SO ORDERED THIS _____ day of _____, 202\_\_.


_____
U.S. District Judge